Matter of McCann (2025 NY Slip Op 04748)

Matter of McCann

2025 NY Slip Op 04748

Decided on August 21, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:August 21, 2025

PM-177-25
[*1]In the Matter of Joseph D. McCann, an Attorney. (Attorney Registration No. 1996511.)

Calendar Date:August 18, 2025

Before:Garry, P.J., Clark, Pritzker, Reynolds Fitzgerald and McShan, JJ.

Murray & McCann, Rockville Centre (Francis J. Murray of counsel), for respondent.
Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany (Alison M. Coan of counsel), for Attorney Grievance Committee for the Third Judicial Department.

Per Curiam.
Joseph D. McCann was admitted to practice by this Court in 1985 and lists a business address in Rockville Centre with the Office of Court Administration. McCann has applied to this Court, by affidavit sworn to June 2, 2025, for leave to resign from the New York bar for nondisciplinary reasons (see Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.22 [a]). The Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC) opposes the application, contending that McCann is ineligible for nondisciplinary resignation because he has failed to fulfill his attorney registration requirements for the most recent biennial period beginning in 2025 (see Judiciary Law § 468-a; Matter of Lee, 148 AD3d 1350, 1350 [3d Dept 2017]; Matter of Bomba, 146 AD3d 1226, 1226-1227 [3d Dept 2017]; Rules of Chief Admr of Cts [22 NYCRR] § 118.1).
In reply to AGC's opposition, however, McCann has submitted supplemental correspondence dated August 6, 2025, in which he attests that he is now current in his New York attorney registration requirements. Furthermore, Office of Court Administration records likewise establish that McCann has duly registered and cured any preexisting registration delinquency. Accordingly, with AGC voicing no other substantive objection to his application, and having determined that McCann is now eligible to resign for nondisciplinary reasons (compare Matter of Tierney, 148 AD3d 1457, 1458 [3d Dept 2017]; Matter of Bomba, 146 AD3d at 1227), we grant the application and accept his resignation.
Garry, P.J., Clark, Pritzker, Reynolds Fitzgerald and McShan, JJ., concur.
ORDERED that Joseph D. McCann's application for permission to resign is granted and his nondisciplinary resignation is accepted; and it is further
ORDERED that Joseph D. McCann's name is hereby stricken from the roll of attorneys and counselors-at-law of the State of New York, effective immediately, and until further order of this Court (see generally Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.22 [b]); and it is further
ORDERED that Joseph D. McCann is commanded to desist and refrain from the practice of law in any form in the State of New York, either as principal or as agent, clerk or employee of another; and McCann is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto, or to hold himself out in any way as an attorney and counselor-at-law in this State; and it is further
ORDERED that Joseph D. McCann shall, within 30 days of the date of this decision, surrender to the Office of Court Administration any Attorney Secure Pass issued to him.